IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL ERIC PUGH, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> TOM FALKNER, Warden, ) <br> ) <br> Respondent. ) <br> ) | No C 07-3579 VRW (PR) <br><br> ORDER TO SHOW CAUSE <br><br> (Doc # 4) |

Petitioner, a state prisoner incarcerated at High Desert State Prison in Susanville, California, has filed a pro se petition for a writ of habeas corpus under 28 USC § 2254. He also seeks to proceed in forma pauperis under 28 USC § 1915.

## BACKGROUND

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Santa Clara of three felonies: possession of cocaine base for sale, possession of cocaine base, and maintaining a place for narcotics activities. The jury also convicted him of two misdemeanors: resisting arrest and attempted destruction of evidence.

In a bifurcated proceeding, the court found true allegations that petitioner had suffered five prior "strike" convictions, had served five prior prison terms, and had two prior felony drug convictions. On April 30, 2001, petitioner was sentenced to 31 years to life in state prison. He appealed.

1  On July 23, 2003, the California Court of Appeal struck the possession of
2  cocaine base conviction and ordered the trial court to amend the abstract of
3  judgment to delete the corresponding count and its concurrent sentence of 25
4  years to life. As to all other aspects, the judgment was affirmed. On that same
5  date, the court also denied petitioner's request for state habeas relief.
6  On November 12, 2003, the Supreme Court of California denied review.
7  On October 6, 2004, petitioner filed a habeas petition in this court alleging
8  five claims for relief under 28 USC § 2254. See Pugh v Runnels, No. C 04-4241
9  VRW (PR) (ND Cal filed Oct 6, 2004). The petition was dismissed because three
10 of the five claims had not been exhausted and, pursuant to the law of the circuit,
11 petitioner was given the option of either withdrawing his unexhausted claims and
12 proceeding only with his exhausted claims, or of dismissing the entire mixed
13 petition and returning to federal court with a new petition once all claims are
14 exhausted. Petitioner chose the latter option and, on October 28, 2005, the
15 petition was dismissed without prejudice to refiling a new petition once all claims
16 are exhausted.
17 Petitioner returned to the state superior, appellate and supreme courts. On
18 May 9, 2007, the Supreme Court of California denied his final state habeas
19 petition.
20 On July 11, 2007, petitioner filed the instant federal habeas petition.

## DISCUSSION

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a).

1  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id § 2243.

B.  Legal Claims

Petitioner seeks federal habeas corpus relief by raising several claims of ineffective assistance of trial and appellate counsel.  He also claims instructional error and unlawful arrest.  Petitioner's unlawful arrest claim is DISMISSED because it is well-established that Stone v Powell, 428 US 465 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of the claims.  See also Locks v Sumner, 703 F2d 403, 408 (9th Cir 1983) (even if state courts' determination of 4th Amendment issues is improper, it will not be remedied in federal habeas corpus actions so long as petitioner was provided a full and fair opportunity to litigate the issue).  Liberally construed, petitioner's other claims appear cognizable under § 2254 and merit an answer from respondent.  See Zichko v Idaho, 247 F3d 1015, 1020 (9th Cir 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  Petitioner's motion for leave to proceed in forma pauperis (doc # 4) is GRANTED.

2.  The clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

/

3

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.07\Pugh, D1.or1.wpd

4