1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  JULIET B. HALEY
   Deputy Attorney General
6  State Bar No. 162823
    455 Golden Gate Avenue, Suite 11000
7   San Francisco, CA 94102-3664
    Telephone: (415) 703-5960
8   Fax: (415) 703-1234
    Email: juliet.haley@doj.ca.gov
9  Attorneys for Respondent

10              IN THE UNITED STATES DISTRICT COURT

11             FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

**DARRYL ERIC PUGH,**                    C 07-3579 VRW

                    Petitioner,          **MOTION TO DISMISS PETITION AS UNTIMELY**

       v.

**TOM FALKNER,**

                    Respondent.

19      Respondent hereby moves to dismiss the petition for writ of habeas corpus for failure to

20 comply with the statute of limitations established by the Antiterrorism and Effective Death Penalty

21 Act (AEDPA) in 28 U.S.C. § 2244(d).

22      A motion to dismiss in lieu of an answer on the merits is proper where the petition is

23 procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*,

24 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and Advisory

25 Committee Notes; *see also Jablon v. Dean Whitter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (motion

26 to dismiss proper if time bar is clear from face of complaint).

27      We have not noticed a hearing date because petitioner is an incarcerated state prisoner who

28 is representing himself in this action.

Motion To Dismiss Petition As Untimely - *Pugh v. Falkner* - C 07-3579 VRW

## STATEMENT OF THE CASE

On April 30, 2001, after petitioner was found guilty by a Santa Clara County jury of possession of cocaine base for sale, possession of cocaine base, and maintaining a place for narcotics activities, and after a court trial wherein it was found true that petitioner suffered five prior "strike" convictions, had served five prior prison terms, and had two prior felony drug convictions, petitioner was sentenced to state prison for a term of thirty-one years to life.

Petitioner appealed his conviction. On July 23, 2003, the California Court of Appeal struck the possession of cocaine base conviction and ordered the trial court to amend the abstract of judgment to delete the corresponding count and its concurrent sentence of twenty-five years to life. The judgment was otherwise affirmed, and on the same date the court denied petitioner's state habeas petition.

On November 12, 2003, the California Supreme Court denied review of petitioner's request for review of his direct appeal and denied his state habeas petition. Exh. 1.

On October 6, 2004, petitioner filed a federal habeas petition in this Court alleging five claims for relief. The petition was dismissed because three of the five claims had not been exhausted and, pursuant to the law of the circuit, petitioner was given the option of either withdrawing his unexhausted claims and proceeding only with his exhausted claims, or of dismissing the entire mixed petition and returning to federal court with a new petition once all claims are exhausted. Petitioner chose the latter option and, on October 28, 2005, the petition was dismissed without prejudice to refiling a new petition once all claims were exhausted. Order at 2.

Petitioner returned to state court, filing a state habeas petition in the state appellate court on August 23, 2006, which was subsequently denied on September 12, 2006 (H030561). Exh. 2. Petitioner also filed a state habeas petition in the California Supreme Court on November 13, 2006, which was subsequently denied on May 9, 2007 (S147963). Exh. 3.

Petitioner filed the instant federal habeas petition in this Court July 11, 2007.

## ARGUMENT

## THE PETITION IS UNTIMELY

Petitioner's case is governed by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), which applies to all cases filed after its effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Whereas prior law imposed few meaningful time constraints on the filing of federal habeas petitions, the AEDPA imposes a one-year statute of limitations. 28 U.S.C. § 2244(d). The year commences on the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevent from filing by such State action; (C) the date on which a constitutional right is newly recognized and made retroactively applicable; or (D) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Judged by these principles, and in the absence of any other factual assertion by petitioner, the year in this case commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The state court judgment became final 90 days after the California Supreme Court denied the petition for review. *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Thus, absent any tolling, petitioner had until February 10, 2005, (90 days from November 12, 2003 plus one year) to file a timely federal petition. *Patterson v. Stewart*, 251 F.3d 1243 (9th Cir. 2001). Petitioner did not file the instant federal petition, however, until July 11, 2007, approximately two and a half years after the statute of limitations had expired[1].

Petitioner is, however, entitled to tolling during the pendency of any "properly filed application for the State post-conviction or other collateral review with respect to the pertinent judgment or claim," 28 U.S.C. § 2244(d)(2). Here, however, petitioner filed all of his petitions in state court after the statute of limitations period expired (first state habeas filed in California Court

---

1. As previously indicated, petitioner did file a previous federal habeas petition before this Court which contained unexhausted claims. Petitioner elected to dismiss the prior petition and the case was closed. Petitioner is not entitled to tolling during the time this federal habeas action was pending, *Duncan v. Henry*, 533 U.S. 167 (2001), nor can the current petition relate back under Federal Rules of Civil Procedure, Rule 15(c)(2) when the prior habeas action has been dismissed and the case closed. *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001).

Motion To Dismiss Petition As Untimely - *Pugh v. Falkner* - C 07-3579 VRW

3

1 | of Appeal on August 23, 2006).   Once the statute of limitations has run, a collateral action cannot
2 | revive it.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).
3 |         For all the reasons given, the instant petition must be dismissed as having been filed
4 | approximately two and a half  years beyond the statute of limitations.
5 | ///
6 | ///
7 | ///

# CONCLUSION

Accordingly, respondent respectfully requests that the petition be dismissed as filed beyond the statute of limitations.

Dated: December 18, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Juliet B. Haley

JULIET B. HALEY
Deputy Attorney General

Attorneys for Respondent

JBH:jw
40198240.wpd

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Darryl Eric Pugh v. Tom Falkner**

No.: **C 07-3579 VRW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On December 18, 2007, I served the attached

**MOTION TO DISMISS PETITION AS UNTIMELY**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Darryl Eric Pugh**
**T-15269**
**High Desert State Prison**
**P.O. Box 3030**
**Susanville, CA 96127**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on December 18, 2007, at San Francisco, California.

J. Wong
Declarant

Signature

40198242.wpd