EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
JULIET B. HALEY, State Bar No. 162823
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5960
 Fax:  (415) 703-1234
 Email:  Juliet.Haley@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **DARRYL ERIC PUGH,**<br><br>                              Petitioner,<br><br>     v.<br><br>**TOM FELKER, Warden,**<br><br>                              Respondent. | C 07-3579 VRW (PR)<br><br>**REPLY TO PETITIONER'S DECLARATION: EQUITABLE TOLLING** |

## INTRODUCTION

Petitioner was convicted in state court approximately six and a half years ago after being found guilty by a Santa Clara County jury of possession of cocaine base for sale, possession of cocaine base, and maintaining a place for narcotics activities, and after a court trial wherein it was found true that petitioner suffered five prior "strike" convictions, had served five prior prison terms, and had two prior felony drug convictions. Four years ago his direct appeal concluded and his state court judgment became final. In October 2004, petitioner filed a federal habeas petition containing unexhausted claims and elected to have the petition dismissed so that he could return to state court. Petitioner returned to this Court, after the statute of limitations had expired. Respondent has moved to dismiss the petition on this basis. Petitioner submits a declaration in support of equitable tolling

on the allegation that his state appellate lawyer misinformed him regarding the issues that had been exhausted, that appellate counsel was ineffective in failing to raise the unexhausted issues presented by petitioner in his original petition to this Court, and that he did not have adequate library time in prison. This is our reply.

## THE PETITION IS UNTIMELY AND NOT SAVED BY EQUITABLE TOLLING

Under the AEDPA, there is a one-year limitations period for filing federal habeas petitions once a state conviction becomes final. 28 U.S.C. 2244(d)(1). Petitioner does not contend his petition was in fact timely, but rather that it should be deemed timely by principles of equitable tolling. Petitioner fails to show equitable tolling is warranted.

A habeas petitioner seeking equitable tolling bears the burden of showing entitlement to it. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). In this Circuit, equitable tolling is warranted only for extraordinary circumstances beyond the petitioner's control that make it impossible to file a timely federal habeas petition. *Fail v. Hubbard*, 315 F.3d 1059, 1061-62 (9th Cir. 2002); *Frye v. Hickman*, 258 F.3d 1036, 1038 (9th Cir. 2001); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).[1] Such extraordinary circumstances must be the proximate cause of his untimeliness. *Stillman v. Lamarque*, 319 F.3d 1199 (9th Cir. 2003); *see Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); *Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000). "[T]he threshold necessary

---

1. *Pace v. DiGuglielmo,* 544 U.S. 408, did not alter the burden on a habeas petitioner who seeks equitable tolling to show that some extraordinary circumstance made it "impossible to file a petition on time." In *Espinoza-Matthews v. California,* 432 F.3d 1021, 1026 n. 5 (9th Cir. 2005), the Ninth Circuit observed that in *Pace* "the Supreme Court had framed the equitable tolling standard in less absolute terms" than "impossible to file a petition on time," but it declined to decide whether "*Pace* has lowered the bar somewhat." Since *Espinoza-Matthews,* the court has continued to adhere to the "impossible to file a petition on time" standard. *See, e.g., Roy v. Lampert,* 465 F.3d 964, 2006 WL 2708608 (9th Cir. 2006) ("Equitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." (internal quotation marks and citation omitted)).

Reply To Petitioner's Declaration: Equitable Tolling - *Pugh v. Felker* - C 07-3579 VRW (PR)

1  to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*,
2  292 F.3d at 1066. Equitable tolling is thus "unavailable in most cases." *Miles v. Prunty*, 187 F.3d
3  at 1107. "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging
4  prompt filings in federal court in order to protect the federal system from being forced to hear stale
5  claims.' " *Mendoza v. Carey,* 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting *Guillory v. Roe,* 329
6  F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted)).

7        Judged by these principles, petitioner's claim fails. First, restricted access to the prison's
8  law library generally does not qualify as an extraordinary circumstance. *See, e.g., Hebner v.*
9  *McGrath,* 2001 WL 764474*2 (N.D. Cal. June 22, 2001), rev'd on other grounds, 2003 WL 1793259
10 (9th Cir. Mar. 14. 2003); *Baker v. Norris,* 321 F.3d 769, 771 (8th Cir. 2003)(prison's rules limiting
11 inmates to two hours at a time in the library and requiring them to sign up for access in advance
12 were not enough to make it impossible to timely file).

13       Second, once trial and direct appeals have run their course, neither the Sixth Amendment
14 nor federal law guarantees effective assistance of counsel for collateral proceedings. *See Coleman*
15 *v. Thompson,* 501 U.S. 722, 752-54 (1991). An attorney's negligence in general will not constitute
16 an extraordinary circumstance sufficient to warrant tolling. *Lawrence v. Florida*, 127 S.Ct. 1079,
17 1085 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling,
18 particularly in the postconviction context where prisoners have no constitutional right to counsel.");
19 *Frye v. Hickman,*273 F.3d at 1146.

20       Here, there was no attorney negligence, notwithstanding petitioner's assertion to the
21 contrary. Petitioner claims that his state appellate attorney led him to believe that all the issues he
22 presented to this Court in his original petition had been presented to the California Supreme Court
23 and were thus exhausted. His documentation in support, however, suggests no such thing.
24 Counsel's letter of December 23, 2003, makes clear that he is not representing petitioner in any
25 federal habeas proceeding, that he is returning all of his legal materials to petitioner, and that
26 petitioner is free to pursue a federal habeas petition pro se. The date of the letter makes clear that
27 counsel timely informed petitioner that the California Supreme Court had denied his petition for
28 review and that his materials were being timely returned. Counsel correctly directed petitioner to

Reply To Petitioner's Declaration: Equitable Tolling - *Pugh v. Felker* - C 07-3579 VRW (PR)

3

1. a standard pre-made form which included all the instructions for filing a federal habeas petition.

2. Nor does counsel's letter of June 17, 2005, support petitioner's allegation. On the question of exhaustion, counsel first made clear that he is not an expert on federal habeas procedure. He then informed petitioner that he filed two petitions for review of both petitioner's direct appeal and his state habeas in the California Supreme Court. Counsel made clear which issues he raised and elected not to raise from the direct appeal and why. Counsel correctly informed petitioner that he is not limited to raising only the issues raised in the petition for review from the habeas petition, and could include the issues that were raised on direct appeal as well. Nothing counsel said was incorrect or misleading. If anything, counsel's letter of December 2003, made clear that petitioner had in his possession all of his state legal materials sufficient to file a timely federal habeas petition. Petitioner has proffered no basis for equitable tolling.

///
///
///

**CONCLUSION**

Accordingly, respondent respectfully requests that the petition be dismissed as untimely.

Dated: January 24, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Juliet B. Haley

JULIET B. HALEY
Deputy Attorney General

Attorneys for Respondent

JBH:jw
40208582.wpd

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Darryl Eric Pugh v. Tom Felker, Warden**

No.:   **C 07-3579 VRW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>January 24, 2008</u>, I served the attached

**REPLY TO PETITIONER'S DECLARATION: EQUITABLE TOLLING**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Darryl Eric Pugh
T-15269
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 24, 2008, at San Francisco, California.

|  J. Wong  |  _J Wong_ (signature)  |
|---|---|
| Declarant | Signature |

40209955.wpd