IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL ERIC PUGH,   )<br>           )<br>     Petitioner,   )<br>           )<br>  vs.        )<br>           )<br> TOM FELKER, Warden,   )<br>           )<br>     Respondent(s).   )<br>_____   ) | No. C 07-3579 VRW (PR)<br><br>ORDER GRANTING<br>MOTION TO DISMISS<br><br>(Docket # 6) |

   Petitioner, a state prisoner incarcerated at High Desert State Prison in Susanville, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Per order filed on November 19, 2007, the court dismissed petitioner's unlawful arrest claim but found that his other claims appeared cognizable under § 2254, when liberally construed, and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent instead moved to dismiss the petition on the ground that it is untimely under 28 U.S.C. § 2244(d). Petitioner filed an opposition and respondent filed a reply.

I

Petitioner was convicted by a jury in the Santa Clara County superior court of three felonies – possession of cocaine base for sale, possession of cocaine base and maintaining a place for narcotics activities – and two misdemeanors – resisting arrest and attempted destruction of evidence. In a bifurcated proceeding, the court found true allegations that petitioner had suffered five prior "strike" convictions, had served five prior prison terms, and had two prior felony drug convictions. On April 30, 2001, petitioner was sentenced to 31 years to life in state prison. He appealed.

On July 23, 2003, the California Court of Appeal struck the possession of cocaine base conviction and ordered the trial court to amend the abstract of judgment to delete the corresponding count and its concurrent sentence of 25 years to life. As to all other aspects, the judgment was affirmed. On that same date, the court also denied petitioner's request for state habeas relief.

On November 12, 2003, the Supreme Court of California denied review.

On October 6, 2004, petitioner filed a habeas petition in this court alleging five claims for relief under 28 USC § 2254. See <u>Pugh v Runnels</u>, No C 04-4241 VRW (PR) (ND Cal filed Oct 6, 2004). The petition was dismissed because three of the five claims had not been exhausted and, pursuant to the law of the circuit, petitioner was given the option of either withdrawing his unexhausted claims and proceeding only with his exhausted claims, or of dismissing the entire mixed petition and returning to federal court with a new petition once all claims are exhausted. Petitioner chose the latter option and, on October 28, 2005, the petition was dismissed without prejudice to refiling a new petition once all claims are exhausted.

/

1 | On August 23, 2006, petitioner returned to the state court and filed a state habeas petition in the California Court of Appeal. It was denied on September 12, 2006.

On November 13, 2006, petitioner filed a habeas petition in the Supreme Court of California. It was denied on May 9, 2007.

On July 11, 2007, petitioner filed the instant federal habeas petition.

II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 USC § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, such as petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v United States District Court (Beeler), 128 F3d 1283, 1286 (9th Cir 1997), overruled in part on

3

1    other grounds by <u>Calderon v United States District Court (Kelly)</u>, 163 F3d 530
2    (9th Cir 1998) (en banc).  Here, because petitioner did not seek a writ of
3    certiorari from the Supreme Court of the United States after the Supreme Court of
4    California denied review on November 12, 2003, his process of direct review
5    came to an end on February 10, 2004, when the time allotted for filing a petition
6    for a writ of certiorari expired.  See <u>Miranda v Castro</u>, 292 F3d 1063, 1065 (9th
7    Cir 2002); <u>Bowen v Roe</u>, 188 F3d 1157, 1159 (9th Cir 1999).  The one-year
8    limitation period accordingly began running against petitioner the next day,
9    February 11, 2004.  See <u>Patterson v Stewart</u>, 251 F3d 1243, 1246 (9th Cir 2001)
10   (calculating AEDPA's one-year limitation period according to Federal Rule of
11   Civil Procedure 6(a)).  The instant petition was not filed until July 11, 2007,
12   however.

13        Section 2244(d)(2) tolls the one-year limitation period for the "time during
14   which a properly filed application for State post-conviction or other collateral
15   review with respect to the pertinent judgment or claim is pending."  28 USC §
16   2244(d)(2).  But by the time petitioner filed his first post-appeal state habeas
17   petition on August 23, 2006, the one-year limitation period had already expired
18   on February 11, 2005.  A state habeas petition filed after AEDPA's statute of
19   limitation ended cannot toll the limitation period under § 2244(d)(2).  See
20   <u>Ferguson v Palmateer</u>, 321 F3d 820, 823 (9th Cir 2003); <u>Jiminez v Rice</u>, 276 F3d
21   478, 482 (9th Cir 2001).  Section 2244(d)(2) cannot "revive" the limitation period
22   once it has run (ie, restart the clock to zero); it can only serve to pause a clock
23   that has not yet fully run.  "Once the limitations period is expired, collateral
24   petitions can no longer serve to avoid the statute of limitations."  <u>Rashid v
25   Kuhlmann</u>, 991 F Supp 254, 259 (SDNY 1998).
26   /
27
28                                            4

1  Petitioner did file a federal habeas petition in this court before the one-
2  year limitation period expired on February 11, 2005.  But because it contained
3  unexhausted claims, he elected to dismiss it in order to return to state court and
4  exhaust all of his claims.  Petitioner is not entitled to tolling under § 2244(d)(2)
5  for the time his first federal petition was pending in this court (ie, October 6,
6  2004 to October 28, 2005).  See Duncan v Walker, 533 US 167, 180-81 (2001)
7  (limitation period is not tolled under § 2242(d)(2) for the period during which a
8  federal petition is pending in federal court because a petition for federal habeas
9  corpus review is not an "application for State post-conviction or other collateral
10 review" within the meaning of § 2244(d)(2)).  Nor is he entitled to his current
11 petition relating back to and preserving the filing date of his first petition.  The
12 first petition was properly dismissed and is no longer pending.  See Anthony v
13 Cambra, 236 F3d 568, 574 & n1 (9th Cir 2003) (if dismissal of initial petition
14 was proper, new petition does not relate back); see also Dils v Small, 260 F3d
15 984, 986-87 (9th Cir 2001) (federal petition does not relate back to earlier
16 petition whose "life . . . has come to an end;" earlier petition had been properly
17 dismissed for failure to exhaust, appeal from the dismissal had been dismissed,
18 and mandate had been spread).

III

20  Petitioner claims that he is entitled to equitable tolling because his state
21 appellate lawyer misled him to believe that all the claims raised in his original
22 federal petition had been exhausted in the state courts when in fact counsel
23 negligently failed to exhausted three of the claims.  Petitioner also claims that he
24 is entitled to equitable tolling because he did not have adequate law library time
25 to prepare and file a federal petition on time.  The equitable tolling claims are
26 without merit.

5

      Equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Roy v Lampert, 455 F3d 945, 950 (9th Cir 2006) (quoting Beeler, 128 F3d at 1288). The prisoner "must show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v Moore, 345 F3d 796, 799 (9th Cir 2003) (citations omitted). He must also show that he has been "pursuing his rights diligently" and that "some extraordinary circumstance stood in his way." Roy, 455 F3d at 950 (quoting Pace v DiGuglielmo, 544 US 408, 418 (2005)). Equitable tolling is justified in few cases. Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule. Miranda v Castro, 292 F3d 1063, 1066 (9th Cir 2002).

      Petitioner's claim that his state appellate lawyer failed to exhaust all of his claims is without merit because it is well-established that an attorney's negligence (including miscalculation of the limitation period) does not constitute extraordinary circumstances sufficient to warrant equitable tolling, particularly in the postconviction context where there is no right to counsel. See Lawrence v Florida, 127 S Ct 1079, 1085 (2007); see also Frye v Hickman, 273 F3d 1144, 1146 (9th Cir 2001) (distinguishing capital cases in which prisoners have right to habeas petition filed by counsel). Moreover, the letters from petitioner's attorney that petitioner points to as support for his claim make clear that attorney Solomon Wollack did not mislead petitioner or act negligently. Wollack informed petitioner that he could not represent him in federal habeas proceedings, timely returned all pertinent materials to petitioner and directed him to a standard habeas petition form and instructions for filing a federal habeas petition. Wollack also properly explained that he did not raise all claims to the state supreme court because he believed some of them to be weak. See Pet'r Decl at 6-8 (docket # 8).

      Petitioner's claim that he did not have adequate library time to prepare and file a federal petition on time does not warrant equitable tolling either. Petitioner alleges that since January 2004 his prison work hours have prevented him from getting to the first hour of library "open line" and that he can only occasionally "get in the library . . . for the last hour." Id at 4. Because petitioner was not completely prevented from getting in the library, it cannot be said that the alleged limitation on his access to the library made it impossible for him to file a petition on time. See Baker v Norris, 321 F3d 769, 771 (8th Cir 2003) (prison rules limiting inmates to two hours at a time in the library and requiring them to sign up for access in advance not enough to make it impossible to file petition on time). After all, petitioner managed to file his first federal petition on October 6, 2004 and subsequent state petitions on August 23, 2006 and November 13, 2006. Cf Gaston v Palmer, 417 F3d 1030, 1034-35 (9th Cir 2005) (whether prisoner was able to file a prior habeas petition is a factor in determining whether he was unable to file a timely petition), amended, 447 F3d 1165 (9th Cir 2006).

      Petitioner's equitable tolling claims must be rejected on the additional ground that he did not pursue his rights diligently. After petitioner elected to return to state court to exhaust three of his claims and his first federal petition was dismissed (October 28, 2005), it took him ten months to actually file a petition in state court (August 23, 2006) and present the same three claims he had already presented in federal court. Petitioner is not entitled to equitable tolling. See Pace, 544 US at 418 (equitable tolling requires that petition show that he pursued his rights diligently).

/
/
/

IV

For the foregoing reasons, respondent's motion to dismiss the petition as untimely (docket # 6) is GRANTED.

The clerk shall enter judgment in favor of respondent, terminate any pending motions as moot and close the file.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge